Ditech Fin., LLC v Rector 70 LLC (2021 NY Slip Op 02062)





Ditech Fin., LLC v Rector 70 LLC


2021 NY Slip Op 02062


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Kapnick, J.P., Webber, Kern, Singh, JJ. 


Index No. 850330/18 Appeal No. 12597-12597A&[M-623] Case No. 2019-5176 

[*1]Ditech Financial, LLC Formerly Known as Green Tree Servicing LLC, Plaintiff-Appellant,
v
Rector 70 LLC, Defendant-Respondent, People of the State of New York et al., Defendants.


McCarter & English, LLP, New York (Adam M. Swanson of counsel), for appellant.
Paula A. Miller, P.C., Smithtown (Paula A. Miller of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 31, 2019, dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated. Appeal from order, same court and Justice, entered June 4, 2019, which granted defendant Rector 70 LLC's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This residential mortgage foreclosure action seeks to enforce a note payable to Countrywide Home Loans, Inc. (Countrywide), executed by nonparties Scott and Valerie Ross (the borrowers) on April 9, 2007, secured by a mortgage to MERS as nominee for Countrywide upon their condominium located in Manhattan.
Countrywide sent the borrowers a letter in 2007 that stated that "if the default is not cured on or before November 21, 2007, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property." The letter also stated that the default would not be considered cured unless the lender received "good funds" in the amount of $5,062.26 on or before November 21, 2007. On January 17, 2008, Countrywide commenced a foreclosure action, alleging that the borrowers had failed to make the installment payments under the note. On May 9, 2012, Countrywide voluntarily discontinued that foreclosure action.
The note was subsequently assigned to Green Tree Servicing LLC, which is now known as Ditech Financial, LLC (Ditech). In addition, the condominium association commenced a foreclosure action against the borrowers for unpaid common charges, and, pursuant to an October 9, 2014 judgment of foreclosure and sale, the property was transferred by referee's deed to defendant Rector 70 LLC (Rector), the current owner.
On November 30, 2018, Ditech commenced this action against Rector by filing a summons, complaint, and notice of pendency, demanding a judgment accelerating the maturity of the debt and seeking to foreclose on the mortgage. On February 6, 2019, Rector moved to dismiss the complaint, arguing that the action was time-barred, as it was commenced 11 years, 2 months, and 29 days after the loan was accelerated by virtue of Countrywide's 2007 acceleration letter. Rector also argued that even if the 2007 letter did not accelerate the mortgage, then, at the latest, the statute of limitations began to run from the commencement of the 2008 action.
Contrary to Rector's argument, the 2007 letter did not accelerate the mortgage (Freedom Mtge. Corp. v Engel,  NY3d , 2021 NY Slip Op 01090, *4 [2021] [letter with substantially similar language failed to accelerate mortgage because it "did not seek immediate payment of the entire, outstanding loan, but referred to acceleration only as a future event, indicating the debt was not accelerated at the time [*2]the letter was written"]). However, while the subsequent filing in January 2008 of a foreclosure action did accelerate the mortgage, the May 2012 voluntary discontinuance of the 2008 foreclosure action constituted an "affirmative act," within six years, of revocation of the prior election to accelerate (id. at *6 ["where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder"). Thus, Ditech's foreclosure action is not time-barred by the prior 2008 foreclosure action, and Rector's motion to dismiss should have been denied. 
In view of the foregoing, we need not address Ditech's remaining arguments.
M-623 — Ditech Financial v Rector
Motion for post-argument submissions is denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021